UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALONZO SANCHEZ;
MARY LOU SANCHEZ,

    Plaintiffs,

vs.                        No. CIV 12-500 RB/CG

FREMONT INVESTMENT & LOAN;
UBS REAL ESTATE SECURITIES, INC.;
MORTGAGE ASSET SECURITIZATION
TRANSACTIONS, INC.; MASTR ASSET-BACKED
SECURITIES TRUST 2005-FRE1;
US BANK NATIONAL ASSOCIATION;
MORTGAGE ELECTRONIC RECORDATION SYSTEMS
("MERS"); HOMEQ SERVICING CORPORATION AND
OCWEN LOAN SERVICING, LLC; AND
ALL PERSONS CLAIMING BY, THROUGH
OR UNDER SUCH PERSON, ALL PERSONS
UNKNOWN, CLAIMING ANY LEGAL OR
EQUITABLE TITLE, ESTATE, LIEN OR
INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFFS' TITLE
THERETO; AND DOES 1 TO 20, INCLUSIVE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the pro se Plaintiffs' *Motion for Entry of Default*, filed June 29, 2012 [Doc. 26]; on Defendant Fremont Investment & Loan's [hereinafter "Fremont"][1] *Motion to Dismiss or Stay*, filed Aug. 16, 2012 [Doc. 29]; and on Defendants U.S. Bank National Association, as Trustee under Pooling and Servicing Agreement dated as of November 1, 2005 MASTR Asset-Back Securities Trust 2005-FRE1 Mortgage Pass Through Certificates, Series 2005-

---

[1] Fremont states that it is now known as Signature Group Holdings, Inc. *See* Doc. 29 at 1.

FRE1[2], Ocwen Loan Servicing, LLC, HomEq Servicing Corporation, Mortgage Electronic Registration Systems, Inc.[3], and UBS Real Estate Securities, Inc. Select Portfolio Servicing, Inc.'s [hereinafter collectively referred to as "the Loan Servicing Defendants"] *Motion to Dismiss or Stay*, filed June 8, 2012 [Doc. 36][4]. The Defendants all contend that, because there is a pending foreclosure action between the parties involving the same property that is at issue in this case, this Court must abstain from exercising its jurisdiction under the abstention doctrines set forth in *Younger v. Harris,* 401 U.S. 37, 54 (1971), and/or *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817-18 (1976). In the alternative, the Defendants contend that, if mandatory abstention does not apply, the Plaintiffs' claims are foreclosed by the doctrines of issue and claim preclusion. The Plaintiffs have not addressed any of these arguments. Because the Court agrees that *Younger* abstention forecloses the exercise of its jurisdiction over this case, the Court will grant the motions to dismiss.

**I. Procedural and factual background.**

Plaintiffs brought this suit for an allegedly wrongful foreclosure and fraud, and to quiet title and obtain declaratory relief, on the same day a New Mexico state district court entered an order entitled "Summary and Default Judgment, Decree of Foreclosure and Appointment of Special

---

[2] U.S. Bank National Association states that it was "erroneously sued as MASTR Asset-Backed Securities Trust 2005-FRE1 and U.S. Bank National Association." *See* Doc. 36 at 1.

[3] Mortgage Electronic Registration Systems states that it has been "erroneously sued as Mortgage Electronic Recordation Systems." *See* Doc. 36 at 1.

[4] Fremont has also adopted and incorporated by reference the Loan Servicing Defendants' motion to dismiss as a supplement to its motion, *see* Doc. 39, and the Loan Servicing Defendants have adopted and incorporated by reference Fremont's Reply in Support of their Motion to Dismiss or Stay, *see* Doc. 41 at 2.

2

Master" in *U.S. Bank National Association as Trustee for the Pooling and Servicing Agreement dated as of November 1, 2005 MASTR Asset-Backed Securities Trust 2005-FRE1 Mortgage Pass-Through Certificates, Series 2005-FRE1 v. Alonzo Sanchez, Marylou Sanchez, et al.*, No. D-307-CV-2011-02303 (May 10, 2012 Third Jud. Dist. Ct. Dona Ana County, N.M.).  *See* Doc. 37, Ex. A.  Rejecting the Plaintiffs' arguments that U.S. Bank National Association lacked standing to sue on the note and foreclose on the mortgage because of an allegedly improper transfer and assignment of the note and its security, the Order granted judgment in favor of U.S. Bank National Association, adjudicated the amounts owed on the related promissory note, and granted foreclosure on the mortgage securing that note.  *See id.* and *id.* Ex. B.

In their prayer for relief in the case at bar, Plaintiffs seek a declaratory judgment including, *inter alia*, that "No Defendant has the legal right to foreclose on Plaintiffs' property;" "No Defendant has an enforceable secured or unsecured claim against the property;" "the original Mortgage is null and void," "the assignment of the Mortgage by MERS to any party or legal entity is invalid," and "title to the Property should be returned to Plaintiffs free of encumbrance or lien of any Defendant or any other lender claiming ownership of the Note."  Compl. at 25-8.  They further contend that, if the Court does not intervene and grant injunctive relief to stop the sale of their home, they will suffer damages from "not hav[ing] the beneficial use and enjoyment of their Home and will lose the Property."  Compl. at 20.

## II. Applicable legal standards.

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a district court to dismiss a complaint for "lack of subject-matter jurisdiction."  Such dismissal is not a judgment on the merits of the plaintiff's case;  rather, it is a determination that the court lacks authority to adjudicate the

3

matter. *See Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 800 (10th Cir. 2000) (noting that, when a district court does not have subject-matter jurisdiction over a case, it lacks "jurisdiction to address the issues presented on the merits"). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). But this Court also "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts," and the Court's "reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotation marks omitted).

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor*, 126 F.3d at 1297. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances. *See Seneca-Cayuga Tribe of Okla. v. State of Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)

*Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999). "*Younger* abstention is jurisdictional" and should be addressed "at the outset because a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).

**III. Analysis.**

4

**A.  The state-court proceedings are ongoing.**

State-court proceedings are considered to be "ongoing" until "a lower state court issues a judgment and the losing party allows the time for appeal to expire." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (internal quotation marks and citation omitted) (discussing when a state-court decision is final under the *Rooker-Feldman* doctrine). "The time frame for this determination is when the federal action was filed." *Dauwe v. Miller*, 364 Fed. App'x 435, 437 (10th Cir. 2010).  In this case, Plaintiff's federal action was filed the same day the state-district court granted summary judgment and issued a decree of foreclosure in favor of U.S. Bank, but the state-court proceedings are still ongoing, as reflected by the docketing statement filed in the district court.  Because Plaintiffs' federal action was filed while state-court foreclosure proceedings were ongoing, the Court concludes that the first prong of the *Younger* abstention doctrine is satisfied.

**B.  The state-court proceedings provided an adequate forum to hear the claims raised in the Plaintiffs' federal complaint.**

Although they cite several federal statutes as a basis for this Court's jurisdiction, *see* Compl. at 5, ¶¶ 17-18, it does not appear that Plaintiffs raised any federal statutory or constitutional claims in their federal suit.  "Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)).  Here, the Defendants have conclusively demonstrated that the Plaintiffs have already raised the same issues, defenses, and claims in this federal case as they raised in the state-court foreclosure proceedings.  And even if some of their defenses to foreclosure were not raised in the state-court proceedings, the

5

"pertinent issue is whether [the plaintiffs'] [federal] claims *could have been* raised in the pending state proceedings." *J.B. ex. rel. Hart*, 186 F.2d at 1892 (emphasis in original; first set of brackets added; internal quotation marks omitted). The Plaintiffs bore the burden to establish that state law barred the presentation of their federal claims, but have not done so. *See id.* Because the Plaintiffs cannot produce any evidence demonstrating their federal claims were barred in the state-court foreclosure proceedings, the Court concludes that the second prong of the *Younger* abstention doctrine is satisfied.

    **C. The state-court foreclosure proceedings involve important state interests that traditionally look to state law for their resolution.**

The United States Supreme Court has noted that "the general welfare of society is involved in the security of the titles to real estate" and the power to ensure that security "inheres in the very nature of [state] government." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (internal quotation marks omitted) (holding "that a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with"). The Tenth Circuit Court of Appeals held that the third prong of the *Younger* abstention doctrine was satisfied in a federal quiet-title suit, stating "what more important state interest is there for the state court to address than the enforcement of its method of registering good title to privately owned lands within the state?" *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). *And cf. Lambeth v. Miller*, No. 09-3027, 363 Fed. App'x 565, 568, 2010 WL 299244, **2 (10th Cir. Jan. 27, 2010) (holding that "zoning and nuisance abatement issues are traditional state law matters that implicate important state interests, satisfying the third condition" of the *Younger* abstention analysis). The Tenth Circuit has further recognized

in dicta that a federal suit challenging a state-court foreclosure sale "could [not] pass muster" under the *Younger* abstention doctrine. *DCR Fund I, LLC v. TS Family Ltd. P'ship*, No. 05-6232, 261 Fed. App'x 139, 145-46, 2008 WL 196298, **5-6 (10th Cir. Jan. 24, 2008) (holding that the district court properly refused to consider the defendants' request for injunctive relief to halt a foreclosure sale and claims for conspiracy, abuse of process, and conversion associated with that sale). Thus, the district courts in this circuit and other circuits consistently have held that abstention under the *Younger* doctrine is mandatory when a federal action implicates title to real property and state-court foreclosure proceedings are ongoing. *See, e.g., Barefoot, et al., v. Onewest Bank, FBS, et al.*, No. 11-CV-0038 JB/LFG, Doc. No. 10 (D.N.M. Feb. 23, 2011) (adopting the magistrate judge's report recommending abstention under the *Younger* doctrine where the plaintiffs requested a TRO and preliminary injunction to halt a foreclosure sale); *Beeler Prop., LLC v. Lowe Enter. Residential Investors, LLC*, No.07-CV-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007) (holding that "[a]ctions that challenge the [foreclosure] order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law"); *Mayeres v. BAC Home Loans*, No. 10-44816 MBK, ADV. 11-1516 MBK, 2011 WL 2945833, *4 (Bankr. D.N.J. Jul 21, 2011) (abstaining under *Younger* doctrine because "matters presented in the Complaint are clearly the subject of a pending state foreclosure matter . . . [and the plaintiff's] claim that the mortgage interest is invalid is a core issue in that state litigation. Additionally, the State of New Jersey has an important interest in determining title to real property located and governed by state law."); *Beck v. Wells Fargo Bank*, No. 10–4652, 2011 WL 3664287 (E.D.Pa. Aug. 19, 2011) (abstaining from actions seeking to enjoining state foreclosure because "[t]he state has an important interest in resolving disputes related to real property located within its

7

jurisdiction, as such disputes implicate matters primarily governed by state law" and "failure to abstain would unduly interfere with the state court's ability to manage the mortgage foreclosure action, a proceeding which 'traditionally is handled in state court.' *Nat'l City Mortgage Co. v. Stephen*, 09–1731, 647 F.3d 78, 2011 WL 2937275, at *7 (3d Cir. July 22, 2011)"); *Bank of America v. Sharim, Inc.*, No. 10 Civ. 7570(PAC), 2010 WL 5072118 at **3-4 (S.D.N.Y. Dec. 13, 2010) (abstaining under the *Colorado River* abstention doctrine).

Plaintiffs' Complaint, which asks this Court to adjudicate Plaintiffs' right and title to the subject property, implicates an important state interest controlled by state foreclosure law. Because all three factors mandating abstention exist in this case, the Court concludes that it must abstain from exercising jurisdiction over Plaintiffs' action pursuant to the *Younger* abstention doctrine.

## D. Remedy

A court that must abstain from exercising its jurisdiction under *Younger* should dismiss without prejudice a complaint seeking injunctive or declaratory relief. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d at 1232; *Chapman v. Barcus*, No. 09-5085, 372 Fed. Appx. 899, 902, 2010 WL 1452490, **3 (10th Cir. 2010) (unpublished opinion). If there are monetary damages claims based on alleged violation of federal rights, however, a stay of that part of the complaint is the proper remedy. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d at 1228; *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether"). Here, however, the Plaintiffs do not allege that they have actually suffered monetary damages arising from the violation of federal or statutory rights. Instead, they contend that *if* their home is sold in the future in the foreclosure proceedings, they will be damaged by the loss of the home. Because the

8

potential damage claims are associated only with future sale and eviction proceedings and have not yet occurred and there are no claims regarding violation of federal or constitutional rights, there is no basis for staying any portion of the action.

**NOW, THEREFORE,** the motions to dismiss [Docs. 29, 36] are GRANTED; the motion for default [Doc. 26] is DENIED as moot; and the Complaint is DISMISSED WITHOUT PREJUDICE.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE